UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Case No.2:19-cr-628-RMG |
| | ) | |
| Carl William Murdaugh, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on the Government's motion to dismiss the Third Superseding Indictment without prejudice. (Dkt. No. 1956). Defendant supports the Government's motion to dismiss the indictment but argues the dismissal should be with prejudice. (Dkt. No. 1969). For reasons set forth below, the Court grants the Government's motion to dismiss the Third Superseding Indictment without prejudice.

**Factual Background**

Defendant was indicted by the Federal Grand Jury on August 14, 2019, but the indictment remained sealed until December 4, 2020. (Dkt. Nos. 278, 1106). Defendant was arraigned before a Federal Magistrate Judge on December 10, 2020 and counsel, Frank Cornely, was appointed. (Dkt. Nos. 1136, 1137). Defendant was ordered to be detained and the case was assigned to Senior United States District Judge Margaret Seymour. (Dkt. No. 1142). Defendant and his counsel participated in a status conference on March 9, 2021. Defendant moved for a continuance, which Judge Seymour granted through July 7, 2021 to provide Defendant and his counsel additional time to review discovery. (Dkt. No. 1286).

The Court granted a second continuance on July 1, 2021 through September 15, 2021 to allow Defendant and his counsel additional time for trial preparation, review of discovery, and

1

plea negotiations. (Dkt. No. 1369). The Court granted a third continuance on August 25, 2021, to allow Defendant and his counsel time to review discovery, confer, and conclude plea negotiations. (Dkt. No. 1434).

The Court conducted another status conference on November 3, 2021, in which defense counsel moved for a continuance to provide him additional time to review discovery, confer with his client and consider plea negotiations. (Dkt. No. 1494). At the time, some discovery was still outstanding and there was a pending motion to compel production of grand jury testimony. Defendant objected to his counsel's request for a continuance. The Government supported the defense counsel's request for a continuance, noting Defendant was one of three defendants in a conspiracy count and there was no motion to sever these cases. The Court granted a continuance through February 16, 2022, noting the pending conspiracy count and the two other co-defendants. (Dkt. No. 1799).

Defendant moved on January 11, 2022, for a continuance beyond the trial term set to commence on February 16, 2022. Defense counsel reported that he had just received voluminous new discovery and his client had not had an opportunity to review it with him. The motion specified the time of any continuance would be excluded from the Speedy Trial Act time requirements. (Dkt. No. 1538 at 2). The Court granted Defendant's motion and continued the case through May 4, 2022. (Dkt. Nos. 1539, 1540).

The Defendant wrote Judge Seymour on March 10, 2022, complaining about his appointed counsel, Mr. Cornely. Judge Seymour conducted a hearing on the matter on March 29, 2022, and relieved Mr. Cornely as counsel. The same day new counsel, Peter Shahid, was appointed. (Dkt. Nos. 1680-82).

On April 20, 2022, on the motion of Defendant, the case was again continued to afford new counsel adequate time to confer with his client. (Dkt. No. 1730). The motion was granted after Mr. Shahid explained that he had not been able to meet with the Defendant in person, a common problem during this time period because of pandemic related restrictions at local detention centers. The Court granted the continuance based on Shahid's inability to meet in person with his client, defense counsel's recent appointment, and the complexity of the case. (Dkt. No. 1784 at 4-5). A week later, Mr. Shahid advised Judge Seymour that he had met with his client, and he wished "to proceed directly to trial." (*Id*. at 5). Judge Seymour then set jury selection for June 6, 2022, and the jury trial to begin the following day, June 7, 2022. (Dkt. Nos. 1763, 1763).

Soon after setting the case for trial, Defendant filed two motions, one seeking to dismiss the indictment on speedy trial grounds and the other seeking to suppress evidence. (Dkt. Nos. 1766, 1775). The Government moved for a continuance of the trial because it needed to have transcripts prepared of prior court hearings to address Defendant's motion to dismiss the indictment. (Dkt. No. 1769). The Government further asserted that it needed additional time to arrange the presence of two essential witnesses, who were presently in the custody of Bureau of Prisons. Defendant opposed the continuance.

Judge Seymour, in a detailed eleven page order issued on May 19, 2022, set forth the procedural history of the case and concluded that "no lack of diligence by the Government in attempting to prepare for trial of this case" was present. (Dkt. No. 1784 at 10). She further noted the delay occasioned by the Defendant's recent motions, the recent replacement of defense counsel, and the voluminous discovery. Judge Seymour granted the Government's motion for a continuance. (*Id*. at 10-11). She subsequently set a pretrial in the case for August 18, 2022. (Dkt.

No. 1805). On July 7, 2022, the Government filed its response to Defendant's motion to dismiss, then opposing the motion. (Dkt. No. 1833).

The status of the case was further complicated when Mr. Shahid discovered a conflict in his continued representation of Defendant and moved on July 24, 2022, to be relieved. (Dkt. No. 1898). On March 26, 2022, the motion was granted and a new defense counsel, John Gramiccioni, was appointed. Mr. Gramiccioni promptly moved for a continuance but disclosed his client opposed a continuance. (Dkt. No. 1908). Mr. Gramiccioni explained that he needed adequate time to prepare and had conflicts during the August 2022 trial period. Judge Seymour issued an order dated August 2, 2022, again reviewing the procedural history and finding that a continuance was necessary so that newly appointed counsel could provide effective assistance to his client. (Dkt. No. 1914). The case was continued until her next term of court beginning on November 2, 2022. (Dkt. No. 1914 at 2-3).

On August 31, 2022, Judge Seymour officially retired from the federal bench. The case was reassigned to the undersigned. The Court conducted a hearing with counsel on September 12, 2022, and was advised that the Government wished to dismiss the pending indictment against Defendant without prejudice with plans to present the case to a new grand jury in the near future. The Government explained that there was a potential issue concerning whether Judge Seymour had placed on the record that she had balanced the interests of the respective parties and the public and determined that the ends of justice were served by each continuance, as required under the Speedy Trial Act. Defendant supported the motion to dismiss the indictment but argued it should be with prejudice. The Court directed the parties to file supplemental briefing on the issue of dismissal with and without prejudice. The briefing was completed on September 23, 2022, and the issue is now ripe for disposition. (Dkt. No. 1956, 1969).

In addition to the six requests by defense counsel for continuances, the replacement of two appointed defense counsel, and the voluminous discovery in this case, it should be noted that these issues were being addressed in the midst of the COVID-19 pandemic and its disruption of normal court proceedings in the District of South Carolina. During much of the time period at issue here, the District of South Carolina was operating under a series of Standing Orders issued by Chief Judge Bryan Harwell continuing all jury trials due to complications from the COVID-19 pandemic. The first of these orders was issued in March 2020 and these pandemic related continuances remained in place through successive Standing Orders until May 2021.[1] On June 4, 2021, Chief Judge Harwell modified his Standing Order to allow jury trials to proceed at the discretion of the presiding judge so long as the presiding judge determined a jury trial could be safely conducted. This Standing Order remained in place until March 8, 2022.[2] During the pendency of the COVID-19 standing orders, all continuances related to COVID-19 issues were excluded from Speedy Trial time limits.

## Legal Standard

The Speedy Trial Act addresses the standard for a trial court to apply when determining whether a dismissal will be with prejudice or without prejudice. The Act provides that "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution

---

[1] *See* Standing Order, 3:20-mc-105-RBH (D.S.C. March 16, 2020); Amended Standing Order, 3:20-mc-264-RBH (D.S.C. April 14, 2020); Second Amended Standing Order, 3:20-mc-139-RBH (D.S.C. June 26, 2020); Third Amended Standing Order, 3:20-mc-326-RBH (D.S.C. July 24, 2020); Fourth Amended Standing Order, 3:20-371-RBH (D.S.C. August 21, 2020); Fifth Amended Scheduling Order, 3: 20-416-RBH (D.S.C. September 18, 2020).

[2] Sixth Standing Order, 3:20-mc-337-RBH (D.S.C. June 4, 2021); Order Vacating Sixth Standing Order, 3:22-mc-160-RBH (D.S.C. March 18, 2022).

on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Where the pending charges are "serious," the "sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *United States v. Jones*, 887 F.2d 492, 495 (4th Cir. 1989).

**Discussion**

The Court notes at the outset that this order does not address the issue of whether there has been any violation of the requirements of the Speedy Trial Act.[3] The Government has moved to dismiss the pending indictment and seeks the dismissal to be without prejudice. Defendant supports the dismissal of the indictment but insists that it should be with prejudice. The Court considers issue of dismissal with or without prejudice under the standards of § 3162(a)(2) of the Speedy Trial Act.

**A.     The Seriousness of the Offenses**

Defendant is the sole remaining defendant in what was previously a multi-defendant case involving drug and firearm counts. Count 1 of the Third Superseding Indictment is a conspiracy count to possess with the intent to distribute heroin, marijuana, cocaine, and fentanyl. (Dkt. 1887 at 1-2). Count 51 alleges Defendant possessed with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin. (*Id*. at 5). Count 52 alleges Defendant possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

---

[3] Defendant originally moved to dismiss the Third Superseding Indictment and the Government opposed the motion. (Dkt. Nos. 1766, 1833). The Government subsequently joined the Defendant's motion to dismiss the indictment, and the issue became whether the dismissal was with or without prejudice. The Court had the parties submit briefs on that issue, which were recently filed with the Court. (Dkt. Nos. 1956, 1969). The Court finds that the Government's change of position on the dismissal of the Third Superseding Indictment renders moot the Defendant's motion to dismiss the indictment (Dkt. No. 1766), leaving open only the issue of whether the dismissal of the indictment will be with or without prejudice.

§ 924(c). (*Id*.). Count 53 alleges Defendant possessed a firearm after previously being convicted of a crime punishable by more than one year in prison. (*Id*. at 6). The § 924(c) count carries, if convicted, a mandatory minimum sentence of five years to life and the drug counts carry varied sentences that are as much as up to 20 years. (Dkt. No. 1889).

In sum, the pending charges against Defendant are serious.

**B.     The Facts and Circumstances of the Case Which Led to the Dismissal**

Defendant was originally detained by the Government in December 2020 and has been in federal custody now for approximately 22 months. The case has experienced eight continuances, surely a significant number, but six of these were at the request of Defendant and/or his counsel. A seventh continuance was due to the fact that two co-defendants had received continuances and there was no motion to sever Defendant's case.[4]  The eighth continuance was the result of the Defendant's motion to dismiss the indictment on speedy trial grounds and the Government needed to have transcripts prepared to respond to the motion. Delays were occasioned by the replacement of two defense counsel and challenges presented for defense counsel to meet with their client due to pandemic restrictions at local detention centers.

The Government's motion to dismiss without prejudice was prompted by the retirement of Judge Seymour without putting on the record a full explanation for some of the continuances granted which included a balancing of the factors under the Speedy Trial Act. Judge Seymour found, in an order dated May 19, 2022, that "the record reflects no lack of diligence by the Government in attempting to prepare for the trial of this case." (Dkt. No. 1784). The Court has reviewed the full record in this matter and finds Judge Seymour's finding well supported in the

---

[4]  Time excludable for one co-defendant "is excludable for all defendants." *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

7

record. Further, the Court finds no lack of diligence by the Government to pursue this case since Judge Seymour's May 19, 2022 order.

The unusual delays and Defendant's lengthy detention in this case was not caused by the Government or any single event but by a combination of circumstances, including voluminous discovery, the replacement of two defense counsel, and complications from the pandemic. Defendant's opposition to continuances requested by his counsel placed the trial court in a dilemma of either granting a continuance or proceeding to trial with unprepared defense counsel, likely leading if the Defendant were convicted to a claim of ineffective assistance of counsel. Taking into consideration the facts and circumstances presented leading to dismissal of the indictment, the Court finds they weigh against dismissal with prejudice.

    C.    **The Impact of a Reprosecution on the Administration of this Chapter and on the Administration of Justice**

The delays in disposition of this matter by trial were occasioned by many of the factors set forth above, and scheduled trial dates were continued to address the need for newly appointed defense counsel to prepare for a complex drug and firearm trial with a possible sentence up to life if the Defendant were convicted. The trial court set a jury selection date of June 6, 2022, but continued the case after newly appointed defense counsel, Mr. Shahid, reported that he had not been able to meet with his client in person. This was a common problem defense counsel were experiencing at that time with detained defendants due to pandemic related restrictions on access to detention centers. (Dkt. No. 1784 at 4-5).

A second trial setting was made by the Court for her August 2022 trial term with a pretrial set for July 27, 2022. However, Mr. Shahid, who developed what Judge Seymour described as an "unavoidable" conflict, was relieved as counsel on July 25, 2022, and his replacement, Mr. Gramiccioni, was appointed on July 26, 2022. (Dkt. Nos. 1906, 1914 at 2-3). Mr. Gramiccioni

8

promptly moved on the day of his appointment for a continuance and disclosed his client opposed the continuance. (Dkt. No. 1908). Judge Seymour reasonably granted the continuance over Defendant's objections because it was not plausible that defense counsel could have been adequately prepared to try this complex case with voluminous discovery days after his appointment.

Considering the totality and facts and circumstances present in this matter, the Court finds that a dismissal without prejudice and the reprosecution of Defendant with a newly filed indictment is consistent with the purposes of the Speedy Trial Act and does not offend the fair administration of justice.

## Conclusion

Based on the foregoing, the Court grants the Government's motion to dismiss the Third Superseding Indictment *without prejudice*. (Dkt. No. 1956).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 28, 2022
Charleston, South Carolina